IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| CYNTHIA MILES, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | |
| vs. ) | Judge |
| ) | JURY DEMAND |
| SOUTH CENTRAL HUMAN ) | |
| RESOURCE AGENCY, INC. ) | |
| ) | |
| Defendant. ) | |
| _____/ | |

## COMPLAINT

After a successful thirty-year career working her way up from clerk to Program Director at South Central Human Resource Agency, Inc., Plaintiff was summarily terminated with no reason or explanation. When a new Executive Director was hired, he created a hostile work environment by asking employees how long they had been employed by the agency, and then proceeded to terminate or force the resignation of older employees. Although she had been satisfactorily performing her job for decades, within a month from the time the new Executive Director became full-time, Plaintiff was terminated and replaced by an employee in her 30's who was paid more to do less. Accordingly, Plaintiff files this Complaint alleging violations of the Age Discrimination in Employment Act.

## Jurisdiction and Venue

1. This is an action for equitable relief and damages for unlawful and damages for unlawful employment practices brought under the Age Discrimination in Employment Act 29 U.S.C. § 621, et seq. ("ADEA") (Count I).

2. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under laws of the United States.

3. Plaintiff complied with all conditions precedent to the filing of her claims pursuant to 29 U.S.C. §621 et seq., to wit: a charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the unlawful employment practice; the EEOC issued Plaintiff a Notice of Right to Sue and this amended action was commenced within 90 days of receipt of the EEOC's Notice of Right to Sue.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to this action occurred within this District and Defendant is either located, resides, or does business in this District.

## Parties

5. Plaintiff is a resident of Fayetteville, Tennessee. She was employed by Defendant South Central Human Resource Agency ("SCHRA") from 1983 until April 15, 2016. Plaintiff was employed in many roles, most recently as Community Services Director.

6. Defendant South Central Human Resource Agency is a nonprofit corporation registered in Tennessee. Its registered agent for service of process is Paul T. Rosson, 1437 Winchester Hwy, Fayetteville, TN 37334-2757.

7. At all times relevant hereto, Defendant SCHRA has been an "employer" within the meaning of the ADEA. At all times relevant, acts in violation of federal law were committed by Defendant and its employees within the Eastern District of Tennessee.

## FACTS

8. Plaintiff is over forty (40) years of age and has been at all relevant times.

9. Plaintiff worked for SCHRA for over thirty years. At the time of her termination, Plaintiff was the Program Director over the following: Community Services Block Grant, Weatherization Program, Low Income Energy Assistance Program, Representative Payee Program, Social Services Block Grant and the DUI School.

10. SCHRA has a progressive discipline policy which states the steps to be taken to discipline an employee.

11. During her 34-year tenure with the SCHRA, Plaintiff never received any disciplinary write ups nor any verbal or written counseling.

12. Mr. Paul Rosson became the Interim Executive Director of SCHRA in March 2016.

13. At one of his first meetings with staff, where Plaintiff was present, Mr. Rosson asked all staff members to indicate how many years they had worked for the SCHRA. Several employees in that meeting had worked for SCHRA for over twenty or thirty years, indicating that they were in their 50s and 60s.

14. Shortly thereafter, Mr. Rosson became Executive Director. After he became Executive Director, one employee in his 70's and one employee in her 50's were terminated on April 5, 2016.

15. Plaintiff was terminated on April 15, 2016. She was not given a reason for her termination, other than being told by Rosson that this was an at-will state so he didn't have to give her a reason.

16. On information and belief, Plaintiff was replaced by an individual in her 30's.

17. On information and belief, the employee who replaced Plaintiff is being paid approximately $10,000 more than Plaintiff was making and has been assigned fewer programs to administer.

### Count I – ADEA
### (Age Discrimination)

18. Plaintiff restates and incorporates herein the foregoing paragraphs.

19. Plaintiff is 56 years of age and is a member of a protected class.

20. Plaintiff is qualified to perform the job duties of Program Director and has conducted duties and responsibilities consistent with this position in a satisfactory manner with SCHRA for over thirty years.

21. Plaintiff was discriminated against at SCHRA because of her age.

22. Defendant created a hostile work environment by, among other things, treating older employees harshly and either terminating them or forcing them to resign.

23. Defendant treated younger employees more favorably with respect to terms, conditions, and pay of their employment.

24. Plaintiff was subjected to adverse employment actions, including but not limited to, termination of her employment on the basis of her age in violation of the ADEA.

25. As a direct and proximate result of Defendant's unlawful and willful acts, Plaintiff suffered and lost earnings and benefits.

26. As a result, Plaintiff is entitled to recover her damages, including lost wages, liquidated damages, attorneys' fees, costs, interest, and any other legal and equitable relief to which she may be entitled.

**WHEREFORE**, Plaintiff respectfully prays that the Court:

1. That a trial by jury be had on all triable issues;

2. Enter judgment in favor of Plaintiff and against Defendant on all counts in this action;

3. Enter declaratory judgment that the practices complained of are unlawful and void;

4. Back pay and benefits;

5. Reinstatement to Plaintiff's position or, alternatively, to a comparable position and front pay and benefits;

6. Compensation to make Plaintiff whole for the loss of benefits;

7. Liquidated damages;

8. Attorneys' fees and expenses;

9. Prejudgment interest and, if applicable, post-judgment interest; and

10. Such other and further legal or equitable relief to which Plaintiff may be entitled.

Respectfully submitted,

*s/ Heather Moore Collins*
Anne Hunter BPR # 022407
Heather Moore Collins BPR # 026099
Paige M. Lyle BPR # 032959
Collins & Hunter PLLC
7000 Executive Center Drive
Building Two, Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@collinshunter.com
anne@collinshunter.com

paige@collinshunter.com
*Attorneys for Plaintiff*